**KAZEROUNI LAW GROUP, APC**
Yana A. Hart (SBN: 306499)
yana@kazlg.com
Alan Gudino (SBN: 326738)
2221 Camino Del Rio South, Suite 101
San Diego, California 92108
Telephone: (619) 233-7770
Facsimile: (800) 520-5523

Attorneys for Plaintiff
TAMARA CLEVELAND f/k/a TAMARA LAWSON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMARA CLEVELAND F/K/A TAMARA LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>ABSOLUTE RESOLUTIONS, VIII, LLC; PERSOLVE, LLC; and THE RESOLUTION LAW GROUP, APC,<br><br>Defendants. | Case No. 5:21-cv-00026<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>(1) **THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET SEQ.; AND**<br>(2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and it has determined that abusive debt collection practices contribute to a number personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act ("FDCPA") to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has similarly determined that the banking and credit system and that the grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and to the sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Tamara Cleveland, formerly known as Tamara Lawson ("Plaintiff"), through her attorneys, brings this Complaint against Absolute Resolutions, VIII, LLC ("AR"), Persolve, LLC ("Persolve"), and The Resolution Law Group, APC ("RLG") (collectively, "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. and California's Rosenthal Fair Debt Collection Practices Act ("Rosenthal"), Cal. Civ. Code § 1788 et seq.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of each statute cited in its entirety.

6. Unless otherwise indicated, the use of Defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants.

7. Unless otherwise stated, all conduct engaged in by Defendants took place in California.

8. All violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid these violations.

9. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

## JURISDICTION & VENUE

10. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because this case arises from a violation of federal law, the FDCPA.

11. Pursuant to 28 U.S.C. § 1367, this Court also has supplemental jurisdiction to adjudicate the alleged violations of the Rosenthal Act.

12. This Court has personal jurisdiction over Defendants because Defendants regularly collect debts in California on behalf of their creditor clients. Further, as illustrated below, Defendants directed their unlawful collection practices at Plaintiff in Riverside, California.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Riverside, State of California, which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES & DEFINITIONS

14. Plaintiff is a "consumer" as that term is used in 15 U.S.C. § 1692(3) and a "debtor" California Civil Code § 1788.2(h). Plaintiff is also a resident of Riverside County in the State of California.

15. Defendant AR is, and at all times mentioned herein, was a Limited Liability Company organized under the laws of Arizona.

16. Upon information and belief, Defendant AR is headquartered in San Diego, California. Defendant AR is authorized to and regularly does conduct business within the State of California.

17. Defendant AR regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant AR uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant AR is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

18. Defendant Persolve is, and at all times mentioned herein, was a Limited Liability Company organized under the laws of Delaware.

19. Upon information and belief, Defendant Persolve is headquartered in Northridge, California. Defendant Persolve is authorized to and regularly does conduct business within the State of California.

20. Defendant Persolve regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant Persolve uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant Persolve is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

21. Defendant RLG is, and at all times mentioned herein, was a Professional Corporation organized under the laws of California.

22. Upon information and belief, Defendant RLG is headquartered in Northridge, California. Defendant RLG is authorized to and regularly does conduct business within the State of California.

23. Defendant RLG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due, as illustrated below. In doing so, Defendant RLG uses instrumentalities of interstate commerce and the mail for the principal purpose of collecting debts. Therefore, Defendant RLG is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

24. Upon information and belief, RLG and Persolve are related in some way, and work in a principal/agent relationship in the furtherance of debt collection efforts.

25. This matter involves a "consumer credit transaction" *i.e.*, a transaction between Plaintiff and Defendants (or Defendants' predecessor(s)), in which property or money was acquired on credit primarily for personal, family, or household purposes. *See* Cal. Civ. Code §§ 1788.2(e), (f); 15 U.S.C. §§ 1692a(5) & 1679a(2).

26. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by California Civil Code § 1788.2(f) and 15 U.S.C. § 1692a(5).

**FACTUAL ALLEGATIONS**

27. Sometime prior to September 24, 2015, Plaintiff is alleged to have incurred certain financial obligations owed to Capital One Retail Card Services, Inc. which were allegedly sold to AR for collection purposes (the "Debt").

28. These allegedly incurred financial obligations were money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt"

1 and "consumer credit" as those terms are defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

29. On September 24, 2015, AR filed a case in the Superior Court of California in the County of Riverside (Case No. RIC1511445) in an attempt to collect upon the Debt.

30. On March 30, 2016, AR was awarded a default judgment against Plaintiff in the amount of $4,061.31.

31. Between March 30, 2016 and November 1, 2018, Plaintiff made $1,500 in payments on the Debt.

32. On or around November 1, 2018, Plaintiff began having difficulty making payments on the Debt.

33. Plaintiff was in poor health at the time; she had open heart surgery in July 2017 and was diagnosed with "End Stage Kidney Disease" in July 2018.

34. Plaintiff requires daily dialysis treatment as a result of her "End Stage Kidney Disease."

35. Due in part to her health issues, Plaintiff was beginning to have difficulty paying the Debt on or around November 1, 2018.

36. Sometime prior to January 10, 2019, RLG and/or Persolve became the account servicer for the Debt, although the Debt was still owned by AR.

37. Sometime prior to January 10, 2019, Plaintiff called the collections department at RLG/Persolve to explain her financial difficulties and request that her monthly payments be reduced.

38. RLG/Persolve agreed that Plaintiff could make monthly $100 payments as an accommodation to Plaintiff.

39. RLG sent Plaintiff a letter dated January 10, 2019, in which RLG provided that Plaintiff's balance on the Debt was $3,710.60. The letter also acknowledged Plaintiff's new reduced payment schedule of $100 per month.

///

40. Between January 10, 2019 and November 18, 2019, Plaintiff paid $700 toward the Debt.

41. Plaintiff's payments on the Debt after the default judgment was entered against her consisted of the $1,500 made prior to January 10, 2019, and the $700 made between January 10, 2019 and November 18, 2019, a total of $2,200.

42. On June 1, 2020, RLG filed a Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest ("MC") in Case No. RIC1511445 in Superior Court of California in the County of Riverside.

43. The MC provided—falsely—that Plaintiff had paid only $2,100 on the Debt, instead of the $2,200 she had paid since the default judgment was executed in March 2016.

44. The incorrect payment amount of $2,100 was applied to the accrued interest first, which was calculated at $1,294.62 as of June 1, 2020. The remaining $805.38 was credited to the judgment principal of $4,061.31, reducing the principal amount to $3,255.93.

45. The accrued interest still owed after payments were credited was $139.16, which brought the total Debt to $3,435.09.

46. A Writ of Execution was issued on June 29, 2020 reflecting an amount owed by Plaintiff of $3,435.09 based on the MC filed by RLG.

47. The inaccurate representations made by RLG caused an incorrect balance to be ordered by the court in the Writ of Execution.

48. On July 31, 2020, a document titled "Final Return to Court Writ of Execution" was filed in Case No. RIC1511445 in the Superior Court of California in the County of Riverside.

49. The July 31, 2020 document filed by Persolve indicated that Persolve had wrongly filed for Plaintiff's wages to be garnished on August 8, 2016 through an Earnings Withholding Order in order to collect upon the Debt.

///

- 7 -
COMPLAINT

50. Persolve's actions caused Plaintiff's wages to be garnished in an amount of $1,273.92 between August 8, 2016 and July 31, 2020.

51. Plaintiff worked at the State of California Department of Public Health on or around August 8, 2016.

52. The State of California Department of Public Health was named as the "Garnishee" on the July 31, 2020 document filed by Persolve.

53. The $1,273.92 amount was ultimately refunded on December 6, 2016.

54. On August 4, 2020, RLG filed a document in Case No. RIC1511445 to levy Plaintiff's bank account in the amount of $2,902.73.

55. On or around August 4, 2020, Plaintiff called RLG and spoke to Jeff Hanson ("Hanson").

56. Plaintiff called to discuss the Debt and to ask why RLG filed to levy Plaintiff's bank account.

57. Hanson was rude and disrespectful to Plaintiff during the phone call.

58. Hanson screamed at Plaintiff, incorrectly telling her that she had "not been making any payments."

59. Hanson lied to Plaintiff regarding the payments in order to collect upon the Debt.

60. On August 7, 2020, Hanson sent Plaintiff an email from the email address jhanson@persolve.com.

61. Hanson informed Plaintiff that her total amount owed on August 7, 2020 was $3,694.90 and encouraged Plaintiff to call "Jenaya" at 818-534-3138 to discuss resolution and to "prevent additional execution attempts."

62. Upon information and belief, the telephone number 818-534-3138 belongs to Persolve.

63. The amount Hanson represented Plaintiff owed on the Debt as of August 7, 2020 was $3,694.90, even though the Writ of Execution was issued on June 29, 2020 for $3,435.09.

- 8 -
COMPLAINT

64. The $259.81 difference between the amount Hanson represented Plaintiff owed on August 7, 2020 ($3,694.90) and the amount authorized by the Superior Court on June 29, 2020 ($3,435.09) was not authorized by law or by the contract relating to the Debt.

65. The email from Hanson also listed the payments Plaintiff had made on the Debt, with the payments totaling $2,200 between September 16, 2016 and November 18, 2019.

66. Plaintiff was confused and frustrated because the email from Hanson seemed to indicate an inaccurate balance on the Debt.

67. Defendants used harassing language on a telephone call with Plaintiff and misrepresented the true amount of the Debt.

68. As a result of Defendants' actions, Plaintiff experienced stress, frustration, and mental anguish.

### 15 U.S.C. § 1692e

69. The Rosenthal Act incorporates its federal counterpart, the FDCPA, through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692e, which provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …(2) The false representation of…
> (A) the character, amount, or legal status of any debt.

70. RLG and Persolve contacted Plaintiff by email on August 7, 2020 and represented that Plaintiff owed $3,694.90, and they indicated in the email that Plaintiff had paid $2,200 between September 16, 2016 through November 18, 2019.

71. RLG had also filed a memorandum of costs with the California Superior Court indicating that Plaintiff had paid only $2,100 on the Debt on June 1, 2020.

///

72. RLG had also obtained a Writ of Execution from the California Superior Court, indicating the total Debt amount was $3,435.09 as of June 29, 2020.

73. Thus, RLG provided a different payment history to the California Superior Court from the payment history RLG provided to Plaintiff on August 7, 2020.

74. RLG falsely represented the amount owed to Plaintiff on at least one occasion.

75. Furthermore, AR is vicariously liable for the actions taken by RLG as its agent, because AR is itself a debt collector. *See Muhammad v. Reese Law Grp., APC*, No. 16cv2513-MMA (BGS), 2017 U.S. Dist. LEXIS 64274, at *11 (S.D. Cal. Apr. 27, 2017) ("The Ninth Circuit has held that debt collectors can be vicariously liable under the FDCPA for the conduct of their attorneys in collecting debts on their behalf.") (citing *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994)).

76. For these reasons, Defendants violated 15 U.S.C. § 1692e(2).

77. Because the Rosenthal Act incorporates the relevant section of the FDCPA, for the above reasons, Defendants also violated Cal. Civ. Code § 1788.17.

### 15 U.S.C. § 1692d

78. The Rosenthal Act incorporates its federal counterpart, the FDCPA, through Cal. Civ. Code § 1788.17. This incorporation includes 15 U.S.C. § 1692d, which provides: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

79. When Plaintiff spoke on the phone to Hanson, he screamed at Plaintiff and falsely told her that she had not made any payments on the Debt, despite Plaintiff making payments totaling $2,200.

80. The natural consequence of the language and tone used by Hanson is to harass, as Hanson attempted to make Plaintiff feel guilty and like she was a bad person for not paying the Debt.

81. As a result of the harassing language, Plaintiff felt stress, anxiety, and felt disrespected.

82. Upon information and belief, Hanson works for Persolve as evidenced by his email address: jhanson@persolve.com.

83. Further, Hanson sent the January 10, 2019 letter from RLG, indicating that Hanson also works for RLG, or that the entity is associated with Persolve.

84. Therefore, RLG and Persolve violated 15 U.S.C. § 1692d.

85. Further, AR is vicariously liable for the actions taken by RLG as its agent, because AR is itself a debt collector. *See Muhammad*, No. 16cv2513-MMA (BGS), 2017 U.S. Dist. LEXIS 64274, at *11 ("The Ninth Circuit has held that debt collectors can be vicariously liable under the FDCPA for the conduct of their attorneys in collecting debts on their behalf.") (citing *Fox v. Citicorp*, 15 F.3d 1507, 1516 (9th Cir. 1994)).

86. Because the Rosenthal Act incorporates the relevant section of the FDCPA, for the above reasons, Defendants also violated Cal. Civ. Code §1788.17.

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 et seq.

87. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

88. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

89. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

# COUNT II

# ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## Cal. Civ. Code §§ 1788-1788.32

90. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs above.

91. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32.

92. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000, pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys' fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendants, and that Plaintiff be awarded damages from Defendants, as follows:

# COUNT I

# FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief this Court deems just and proper.

///

///

///

# COUNT II

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorneys' fees, pursuant to Cal. Civ. Code § 1788.30(c); and
- Any other relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

93. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated: January 5, 2021

KAZEROUNI LAW GROUP, APC

By        s/ Yana A. Hart
YANA A. HART
yana@kazlg.com

Attorney for Plaintiff
TAMARA CLEVELAND